UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PETER ZENDRAN, Plaintiff, | : | |
| v. | : | CA 04-455ML |
| PROVIDENCE POLICE DEPARTMENT, Defendant. | : | |

**ORDER**
**DENYING SECOND MOTION**
**TO EXTEND TIME FOR DISCOVERY**

Before the court is Plaintiff's Motion to Extend Time for Discovery (Document #17) (the "Motion"). Plaintiff seeks an extension of discovery for five months and sets forth his arguments in support of the Motion in five paragraphs. See Motion at 1-2. In the first paragraph, Plaintiff basically repeats reasons which he raised in his previous Motion to Extend Time for Discovery (Document #12) (the "Prior Motion"), namely that he has had difficulty in obtaining information utilizing the provisions of Rhode Island statutes governing access to public records[1] and that he is waiting to obtain information from material witnesses through interrogatories. See Prior Motion ¶¶ 1, 3. The court addressed and rejected similar arguments in its prior order.[2] See Order Denying Motion to Extend Time for

---

[1] See R.I. Gen. Laws §§ 38-2-1 to 38-2-15 (1997 Reenactment)(2004 Supplement).

[2] The court is disturbed to learn that Plaintiff is apparently persisting in directing interrogatories to non-parties, see Motion ¶ 1, despite having been advised that such procedure is incorrect, see Order Denying Motion to Extend Time for Discovery dated 5/20/05 ("Order of 5/20/05") at 2. The court is also troubled by Plaintiff's description of Linda Pollaro as "a material witness," Motion ¶ 1, when the court noted in its Order of 5/20/05 that the discovery Plaintiff sought from Ms. Pollaro did not appear to be within the scope of discovery authorized by Fed. R. Civ. P. 26(b)(1), see Order of 5/20/05 at 2 n.2.

SCANNED

Discovery dated 5/20/05 ("Order of 5/20/05") at 1-2.

Plaintiff claims in the second paragraph of the Motion that he did not learn that the Prior Motion had been denied until June 6, 2005, when he visited the Clerk's Office. See Motion ¶ 2. If Plaintiff assumed that the Prior Motion was going to be granted and on that basis delayed conducting discovery, such assumption was totally unjustified. The fact that the Prior Motion was denied is not a reason for granting the present Motion.

In the third paragraph Plaintiff alleges that a material witness, Gregory Bolton, died on or about May 24, 2005, and asserts that "[t]he full circumstances of his death are unknown and impedes Discovery until they are fully known." Motion ¶ 3. Plaintiff fails to explain how not knowing the "full circumstances" of Mr. Bolton's death impedes discovery, and the court fails to see any connection between such circumstances and Plaintiff's ability to proceed with discovery.

Plaintiff asserts in the fourth paragraph that he needs to examine whether Deborah Ware, whom Plaintiff identifies as the junkie he pepper-sprayed in self-defense, may have intended to murder him by infecting him with HIV. See Motion ¶ 4. The court disagrees. Whether Plaintiff acted in self-defense in pepper-spraying Ms. Ware must be determined based on what Plaintiff knew at the time of the incident and not on what he may have learned thereafter. Moreover, Plaintiff's claims are against the Providence Police Department, not Deborah Ware.

As to the fifth reason, namely that counsel for Defendant has allegedly contacted James Powell for a deposition without notifying Plaintiff, see Motion ¶ 5, counsel for Defendant denies that he has ever contacted a James Powell, see Memorandum in Support of Defendant's Objection to Plaintiff's Motion to Extend Time for Discovery ("Defendant's Mem.") at 1. The court accepts

the representation of Defendant's counsel.

Accordingly, the Motion is DENIED.

So ordered.

ENTER:

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE
June 30, 2005

BY ORDER:

Deputy Clerk