**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PETER ZENDRAN

VS. CA 04-455 ML

PROVIDENCE POLICE DEPARTMENT

**PRO SE PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now comes the Pro Se Plaintiff in the above mentioned case and hereby Objects to the Defendant's Motion for Summary Judgment. Pro Se Plaintiff relies on it's accompanying Memorandum in support thereof.

Peter Zendran
Pro Se Plaintiff

**CERTIFICATION**

I hereby Certify that I hand delivered a copy of the Objection to Counsel for Defendant on August 18, 2005 at his office.

Peter Zendran
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PETER ZENDRAN

VS. CA 04-455 ML

PROVIDENCE POLICE DEPARTMENT

**PRO SE PLAINTIFF'S MEMORANDUM IN SUPPORT OF PRO SE PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

1. In Section I of Defendant's memorandum counsel for Defendant falsely claims that Pro Se Plaintiff has not conducted Discovery. Pro se Plaintiff has obtained information from the Providence Police Department as well as Providence Municipal Court which is relevant to the case. Much information is still missing and Pro Se Plaintiff has Appealed Magistrate Judge Martin's denial of Pro Se Plaintiff's Motion to Extend Time for Discovery that important facts left out may be discovered. As of the filing of this Objection and Memorandum that Appeal is still pending. Furthermore, much of the information the Providence Police Department sent Pro Se Plaintiff through the Providence City Solicitor's office was mailed to Pro Se Plaintiff on June 30, 2005, date set for end of Discovery, accompanied by a letter dated June 24, 2005. This prevents Pro Se Plaintiff from entering it as evidence and shows that even if the information had been subpoenaed the Providence Police still would still have made trouble in cooperating in handing over evidence. Much evidence still missing includes full names of two officers and several jailers who violated Mr. Zendran's rights.

2. In Section III A Defendant claims that the Providence Police department is not a legal entity. The Defendant made the same claim in it's Answer to the Complaint filed on November 18, 2004 in which it asked that Pro Se Plaintiff's Complaint be dismissed. That claim was not upheld by the Court since Pro Se Plaintiff's Complaint was not dismissed. Furthermore, to hold the City of Providence responsible for the actions of it's Police Department and assume the entire City of Providence had done wrong would be wrong in itself. If the City of Providence were to be sued for the actions of the Providence Police Department it would say that the entire City of Providence had done wrong when in fact the entire City had not done wrong, just it's Police Department.

3. In Section III B Defendant claims that Pro Se Plaintiff claims that Pro Se Plaintiff brought the case under malicious prosecution and did not name any individual defendant, which is untrue. The counsel for Defendant also claims that Pro Se Plaintiff does not mention that the City has an unconstitutional policy or that the actions of it's subordinates are unconstitutional. Pro Se Plaintiff's Complaint is directed at the Providence Police Department, not the City. The acts of denying a detainee to pray while in detention and not Mirandizing a person during arrest are clearly unconstitutional. Furthermore, the Providence Police Department has no standard operating procedure for treatment of detainees, which is in itself unconstitutional since it does not guarantee the Constitutional

rights of a detainee while in custody. That information had been obtained by Pro Se Plaintiff during Discovery when the Providence City Solicitor's office had sent Pro Se Plaintiff information in regards to treatment of detainees and the City Solicitor's office clearly showed that there is no standard operating procedure for handling detainees by not including that information. Pro Se Plaintiff could not direct his lawsuit against individual members of the Providence Police department since the full identities of all who violated Mr. Zendran's rights remain unknown.

4. Pro Se Plaintiff disputes that no individual has been named as a Defendant in this case and that there is no allegation in the Complaint that the City has an unconstitutional policy, custom or widespread practice of falsely arresting or maliciously prosecuting citizens which Defendant states in it's statement of undisputed facts.

Wherefore, Pro Se Plaintiff requests that Defendant's Motion for Summary Judgment be denied pending the decision of Pro Se Plaintiff's Appeal.

Peter Zendran
Pro Se Plaintiff

# Department of Law

*"Building Pride In Providence"*

Joseph M. Fernandez
City Solicitor

David N. Cicilline
Mayor

June 29, 2005

780 Reservoir Ave. #181
Cranston, Rhode Island 02910

**Re: Access to Public Records Request**

Dear Mr. Zendran,

Per your request, according to Rhode Island General Laws §38-2, for Providence Police Department Records please find enclosed the following records:

- The duty assignments of Officers Bolden, badge #496, and San Antonio, badge #604, on February 19, 2003 and Sgt. Louis Iacobucci, Officers Court, badge #366, Schiavulli, badge #651, and Doucette, badge #475 on May 22, 2004.
- Any and all documents in which Mr. Peter Zendran is mentioned since September 14, 2001.
- The names of the jailers who were on duty between 1:00 p.m. on February 19, 2003 and 8:45 a.m. on February 20, 2003 and between 9:45 p.m. on May 22, 2004 and 7:45 a.m. on May 24, 2004.
- The standard operating procedure for obtaining information from detainees, arrest procedures, and treatment of detainees by Providence Police.
- The names of all detainees who were held with Mr. Zendran.

Pursuant to Rhode Island General Laws §38-2-2(4)(A), the City of Providence hereby objects to releasing information regarding all complaints and disciplinary reports against the officers mentioned above. Such requested records, which may contain information relating to the discipline of any employee of a public body are not "public records" and therefore are not subject to disclosure under the Access to Public Records Act.

We appreciate your patience while we collected this information. If you have any further concerns or requests please do not hesitate to ask.

Sincerely yours,

Stephanie L. Federico, Esq.
Assistant City Solicitor

**275 Westminster Street, Providence, Rhode Island 02903**
**(401) 421-7740 Ext. 333 (Voice) * (401) 751-0203 TDD * (401) 351-7596**

**CERTIFICATION**

I hereby Certify that I hand delivered a copy of the foregoing Memorandum to Counsel for Defendant on August 18, 2005 at his office.

Peter Zendran
Pro Se Plaintiff