UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER ZENDRAN

v. C.A. No. 04-455ML

PROVIDENCE POLICE DEPARTMENT

# MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## I. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case. Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing the Court that no genuine issue of material fact exists. Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995), cert.

denied, 515 U.S. 1103 (1995). Once the movant has made the requisite showing, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Nor may the court accept the nonmovant's subjective characterizations of events, unless the underlying events themselves are revealed." Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 50 (1st Cir.1999)(citation omitted).

The court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997) (citation omitted).

Local Rule 12.1 requires that the party seeking summary judgment file "a concise statement of all material facts as to which he contends there is no genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(1). In response, the party opposing the motion is required to submit "a concise statement of all material facts as to which he contends there is a genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(2). In deciding the motion for summary judgment "the court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by affidavit filed in opposition to the motion, or by other evidentiary materials which the court may consider under Rule 56 of the Federal Rules of Civil Procedure." D.R.I. Loc. R. 12.1(d). A party who ignores Rule 12.1 does so at his peril. Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). Pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules. Id. at 28 n.2.

Defendant filed its 12.1 Statement of Undisputed Facts on August 1, 2005. Plaintiff has

not filed a 12.1 statement of genuine issues, nor has he filed affidavits, or any other evidentiary material which the court may consider under Fed. R. Civ. P. 56. Accordingly, this court takes as true the facts asserted by Defendant in its 12.1 Statement of Undisputed Facts. D.R.I. Loc. R. 12.1(d).

## II. Discussion

Pro se Plaintiff Peter Zendran filed a complaint on October 15, 2004, naming the Providence Police Department as Defendant. The complaint consisted of numerous allegations of harassment, false arrest, and malicious prosecution by members of the Providence Police Department. In essence, Plaintiff claims a violation of his civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is flawed for two reasons: (1) he has failed to name a proper defendant; (2) he has failed to allege the elements required in a § 1983 municipal liability action. Each of these deficiencies individually justifies a dismissal of the action.

### 1. Failure to name a proper defendant

In his complaint, Plaintiff names the Providence Police Department ("PPD") as the sole defendant in this action. Within the hierarchy of the city government, the PPD is a subdivision of the Department of Public Safety. Providence, R.I., Home Rule Charter, §1001(a) (1980). Defendant contends that the PPD is not an independent legal entity because it is a city department, subject to the legislative power of the City Council, and that therefore it may not be sued. (Def.'s Mot. Summ. J. 3.) Plaintiff, without citing any authority for his claim, argues that the PPD is a suable entity because "as an entity that exercises authority it is a legal and

indispensable party." (Pl.'s Answer to Def.'s Answer 1.)

In the instant case, the question hangs on whether police departments, as municipal subdivisions, constitute "persons" for the purpose § 1983 suits. Municipalities themselves have long been held to be "persons" under § 1983. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978); Sarro v. Cornell Corr., Inc., 248 F. Supp. 2d 52, 63 (D.R.I. 2003). The First Circuit has not directly addressed the question of a police department's status since Monell. Courts in other circuits have almost unanimously found police departments to be outside of § 1983's definition of "person." E.g., Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272, 278 (3rd Cir. 2004)(holding police department was merely an arm of the township, and thus, was not subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991), cert. denied, 502 U.S. 1032 (1992); Nicholson v. Lenczewski 356 F. Supp. 2d 157, 164 (D. Conn. 2005); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993) (citing cases to support statement that courts considering this issue have unanimously concluded that municipal police departments are not proper defendants in § 1983 actions). But see Chin v. City of Baltimore, 241 F. Supp. 2d 546, 548 (D. Md. 2003)(holding that, though a state agency, Baltimore City Police Department was connected with city government to such an extent as to prevent assertion of Eleventh Amendment immunity, and therefore Department was a "person" subject to suit under § 1983).

The PPD works under the aegis of the City of Providence, and the Mayor and City Council have authority over the department. Providence, R.I., Home Rule Charter, §1001 (1980). Because the PPD is not an independent legal entity, it is not a "person" for purposes of a § 1983 suit.

Plaintiff's failure to include a defendant who may be held to account under § 1983 is outcome determinative. Without a proper defendant, there is no action, and Plaintiff's suit must be dismissed.

2. Failure to make out a prima facie case of municipal liability under 42 U.S.C. § 1983

Even if this Court were to construe Plaintiff's claims as properly asserted against the City of Providence, they would fail. To bring a cause of action for violation of his civil rights under § 1983, a plaintiff must establish two elements: "(i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." Ousley v. Town of Lincoln, 313 F. Supp. 2d 78, 82 (D.R.I. 2004)(citing Martinez v. Colon, 54 F.3d 980, 984 (1st Cir. 1995)). Where a plaintiff is claiming municipal liability for § 1983 violations, he must show that the constitutional violation at issue results from a policy, ordinance, regulation or decision officially adopted or promulgated by the municipality's authorized officers or from an established custom or practice of the municipality. Monell, 436 U.S. at 690-691.

In his complaint, Plaintiff makes no allegation of a policy, ordinance or established practice of police harassment. Plaintiff's allegations are aimed only at individual police officers, and nowhere is there an indication that their conduct is part of an established practice of the PPD. In short, there is nothing within Plaintiff's complaint that would support a claim of municipal liability under § 1983. Even when the complaint is held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), it fails to allege sufficient facts to suggest municipal liability for § 1983 violations. Because the facts, taken in

the light most favorable to Plaintiff, do not make out a cognizable claim of § 1983 municipal liability, Defendant is entitled to judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi

United States District Judge

October 5, 2005