UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER ZENDRAN

VS. CA 04-455 ML

PROVIDENCE POLICE DEPARTMENT

**MEMORANDUM IN SUPPORT OF PRO SE PLAINTIFF'S APPEAL ACCOMPANYING LEAVE TO APPEAL IN FORMA PAUPERITIS**

Pro Se Plaintiff objects to the Summary Judgment by Judge Mary Lisi on October 5, 2005 and Appeals this order for the following reasons.

1. Pro Se Plaintiff objects to many statements Judge Lisi has made in her Memorandum and Order granting Summary Judgment. Judge Lisi States that "Plaintiff has not filed a 12.1 statement of genuine issues" without taking into consideration that Pro Se Plaintiff could not find any genuine issues or facts that were undisputed, partly because evidence was still missing. Furthermore Pro Se Plaintiff filed in his response to Defendant's Motion for Summary Judgment objections to Defendants Statement of Undisputed Facts. Pro Se Plaintiff objects to Judge Lisi stating that "the PPD is not a legal entity, it is not a "person" for a 1983 suit." Pro Se Plaintiff objects since the PPD exercises authority and that the structure of the City of Providence's Home Rule Charter, section 1001(a) is that to hold the entire City government responsible for acts it did not commit because of the actions of a single Department, in other words to punish the guilty with

the innocent. Pro Se Plaintiff also objects to Judge Lisi asserting that Pro Se Plaintiff made a "Failure to make out a prima facie case of municipal liability" when Time for Discovery was not sufficient to obtain all evidence as mentioned in the following paragraphs to obtain evidence that could be used. Pro Se Plaintiff received evidence from Defendant on June 30, 2005, the time set for completion of Discovery, which could not be entered because Discovery was not extended to allow this evidence to be presented. Among this was evidence that showed that the Defendant has no written procedures for the treatment of detainees which Pro Se Plaintiff could not use in support of his claim.

2. Pro Se Plaintiff is waiting for information to be obtained from witnesses in the case. Due to financial constraints Pro Se Plaintiff had not had the means to pay for subpoena fees and services and the Providence Municipal Court, which has staff that include members of the Providence Police Department, had voluntarily provided Mr. Zendran with evidence relevant to this case. Acting on legal advice from the Rhode Island ACLU Mr. Zendran had pursued a similar information request in February 2005 with the Providence Police Department. When the Providence Police Department did not respond Mr. Zendran, on the advice of the Rhode Island ACLU, contacted the Rhode Island Attorney General's Office. Mr. Zendran

received an envelope postmarked on June 30, 2005, the date set for completion of Discovery which Pro Se Plaintiff seeks to extend, from the Department of Law of the City of Providence containing some of the information that is relevant to the case. Magistrate Judge Martin mentions in his denial of the prior Motion that Plaintiff had not attempted to serve counsel for Defendant a request for production pursuant Federal Rule of Civil Procedure 26(b). However F.R.C.P. 26(b) is vague and unspecific in mentioning how information for Discovery may be obtained. Magistrate Judge Martin also makes no mention of the fact that a transcript of Mr. Zendran's appearances in Providence Municipal Court, which are mentioned in the Complaint, was destroyed and the circumstances of this transcript destruction remain unknown. One reason Also, since the information Mr. Zendran requested from the Providence Police Department was sent to Mr. Zendran on the date in which Discovery is set for completion and much information which is relevant to the case is still missing, including full names of the officers and jailers who violated Mr. Zendran's rights, this shows that even if subpoenaed that the Providence Police Department would make trouble in Discovery and an extension of time would be necessary.

3. Mr. Zendran had sent interrogatories as means of getting Depositions as he did not have the means to pay the subpoena fees. Pro Se Plaintiff was

unaware of Magistrate Judge Martin's Order regarding the interrogatories until he received a copy of the Order denying the Prior Motion on June 9, 2005, after the second Motion had been filed and had sent no interrogatories after he read that Order. Mr. Zendran had sent an interrogatory to Linda Pollaro first via Certified Mail which was lost in transit to Ms. Pollaro in February 2005 since Mr. Zendran had learned that she had moved after Discovery had commenced and posed a flight risk. Pro Se Plaintiff objects to Magistrate Judge Martin's saying "the Discovery Plaintiff sought from Ms. Pollaro did not appear to be within the scope of discovery" in his denial of the second Motion when as Pro Se Plaintiff states in his claim Ms. Pollaro had filed a crank complaint with the Brown University Police Department which that Department used to obtain personal information of Mr. Zendran's from the Providence Police Department and give to Ms. Pollaro. Had Ms. Pollaro not filed the crank complaint Mr. Zendran's personal information would not have been given to her. Plus Linda Pollaro had filed the complaint after the event number 2 mentioned in the Complaint in which Mr. Zendran pled Nolo me Contendere on the advice of his Public Defender on March 5, 2003 and received one year's Filing. The timing of Ms. Pollaro's complaint is such that the issue of if she was aware of that fact and decided to file a complaint against Mr. Zendran in the hope that a possible

conviction would leave Mr. Zendran with a permanent criminal record needs to be examined. Pro Se Plaintiff admits his statement which Magistrate Judge Martin mentions in his note number 1 in his denial of the prior Motion was a statement made rashly since communicating with Linda Pollaro can be difficult to do due to her erratic behaviors, however statements from Ms. Pollaro to Mr. Zendran like "How much money would it take for you to permanently disappear" are disturbing and show consciousness of guilt and need to be examined. Furthermore, Pro Se Plaintiff objects to Magistrate Judge Martin noting in his denial of the prior Motion that "the information Plaintiff appears to seek from Linda Pollaro and from the Brown University Police Department (or former employees of that Department) does not appear to be within the scope of discovery" when Ms. Pollaro had filed her crank complaint after event 2 stated in the Complaint with the Brown University Police Department which had obtained Mr. Zendran's personal information from the Providence Police Department. Furthermore, the two Brown University Police Department Detectives Nuey and Boucher who had obtained Mr. Zendran's personal information are no longer with the Brown University Police Department as Pro Se Plaintiff was informed in March 2005. The full reasons for their leaving the Brown University Police Department are unknown and are important since it is not known if any of

the reasons for their leaving the Brown University Police Department involve their use of Mr. Zendran's personal information which they obtained from the Providence Police Department and if their actions are a demonstration of Mens Rea. Also the Chief of the Brown University Police Department at the time the crank complaint against Mr. Zendran was filed left the Brown University Police Department within one week of discovery commencing. Also no charges were filed as a result of Linda Pollaro's crank complaint yet her complaint still receives attention.

4. Pro Se Plaintiff objects to Magistrate Judge Martin's statement that "Plaintiff assumed that the Prior Motion was going to be granted" which is false. Mr. Zendran had received no notification of the Order denying the Prior Motion until he had visited the Clerk's Office on June 6, 2005 and had not read the text until he had received a copy of that Order on June 9, 2005 after the second Motion had been filed. Pro Se Plaintiff made no assumption; it is not known why Mr. Zendran did not receive notification of the Order, be it an error on the Court or the Letter containing the Order may have been stolen or lost in transit, and the fact that the delay in receiving the Order occurred not only impeded Discovery but also impeded any appeal that would have been filed regarding the Order since according to F.R.C.P. Rule 72(a) a party has 10 days after a Magistrate

Judge's Order to file Objections. Furthermore, the Motion which Pro Se Plaintiff filed on June 9, 2005 was assigned to Magistrate Judge Lincoln Almond, not Magistrate Judge David Martin therefore Due Process was violated since Magistrate Judge Martin denied an order which was not assigned to him.

5. Pro Se Plaintiff objects to Magistrate Judge Martin's statement in regards to the death of a Material witness in that "the court fails to see any connection between such circumstances and the Plaintiff's ability to proceed with discovery" due to the following reasons. That Material witness, Gregory Bolden, incorrectly spelled "Bolton" in the

Order had avoided Mr. Pro Se Plaintiff objects to Magistrate Judge Martin's statement in regards to the death of a Material witness in that "the court fails to see any connection between such circumstances and the Plaintiff's ability to proceed with discovery" due to the following reasons. That Material witness, Gregory Bolden, incorrectly spelled

"Bolton" in the Order" had avoided Mr. Zendran after the arrest mentioned in the Claim in which he violated Mr. Zendran's rights. The cause of death listed by the Providence Police Department as mentioned in the June 1, 2005 issue of the Providence Journal is Neurosarcoidosis. According to the National Institute of Neurological Disorders and Stroke "Neurosarcoidosis

refers to the neurological manifestations of sarcoidosis. Symptoms vary widely and may include facial palsy, muscle weakness and wasting, numbness in various parts of the body, excessive thirst, fatigue, headache, seizures, lethargy, fever, memory loss, hallucinations, irritability, agitation, depression, loss of taste, and voice, hearing and vision impairments" and "There is no cure" for Neurosarcoidosis. If Gregory Bolden had such a disorder he should not have been allowed to be a member of the Providence Police Department since it would have impaired his judgment and ability to function. Furthermore, according to documents Pro Se Plaintiff had received information on Gregory Bolden had been researched by the Providence Police Department's Internal Affairs Department right up to May 24, 2005, the day of Gregory Bolden's death. May 24, 2005 also happens to be the one year anniversary of Mr. Zendran's arraignment as mentioned in Paragraph 10 of the Complaint. Whether Gregory Bolden knew this and it contributed to his death, possibly suicide by intentional medical neglect, needs to be determined as well as if he really had Neurosarcoidosis and if so why he was allowed to serve as a member of the Providence Police Department and the real cause of his death.

6. Pro Se Plaintiff disagrees with Magistrate Judge Martin's statement in regards to the information Mr. Zendran obtained about the junkie who he

pepper sprayed in self defense. That junkie, Deborah Ware, a multiple offender with HIV who had been arrested by the Providence Police before, may not have been to Mr. Zendran or the fact that she had HIV before he pepper sprayed. However, whether or not that Deborah Ware had HIV and her intentions were known by the Providence Police and if it had any influence on their actions in the arrest where Mr. Zendran's rights were violated needs to be determined.

7. Pro Se Plaintiff takes issue to the counsel for Defendant denying he ever contacted a James Powell. Counsel for Defendant had stated in his proposed Discovery plan that he planned to contact James Powell for a Deposition and in March 2005 James Powell had told Mr. Zendran when passing him on the street that counsel for Defendant had contacted him in regards to a Deposition. Mr. Powell has confirmed this. Whether or not a deposition was obtained from James Powell needs to be determined.

WHEREFORE Pro Se Plaintiff Appeals that the case be reopened due to the circumstances mentioned above.

Peter Zendran
Pro Se Plaintiff